UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MENDOTA INSURANCE COMPANY,**

    Plaintiff,

v.                                              Case No.  8:13-cv-2162-T-30EAJ

**CARLOS RODRIGUEZ, JR.; PAMELA RODRIGUEZ; DOUGLAS STALLEY, as Successor Guardian of the Property of Elizabeth Anne Michael,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Douglas Stalley's Motion to Dismiss (Dkt. 19) and Plaintiff Mendota Insurance Company's Response in opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted and this case dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On August 21, 2013, Plaintiff Mendota Insurance Company filed the instant action for declaratory judgment related to an auto policy Mendota issued to Pamela Rodriguez. The policy provided for bodily injury liability policy limits of $10,000 for each person and $20,000 for each accident.  Carlos Rodriguez, a scheduled driver under the policy, was involved in an automobile accident that injured Elizabeth Anne Michael, a fellow passenger.

Defendant Douglas Stalley, in his capacity as successor guardian to the property of Elizabeth Michael, filed a negligence complaint against Carlos and Pamela Rodriguez in state court. Mendota assumed the defense of the action. By agreement, the action was submitted to arbitration. Carlos Rodriguez failed to respond to Mendota's counsel's attempts to get in contact with him and failed to appear at the arbitration hearing. An arbitration award was awarded against Carlos and Pamela Rodriguez.

In this action, Mendota seeks a declaration that it is not responsible to pay any coverage under the insurance policy because Carlos Rodriguez breached the duty to cooperate in the underlying action that subsequently resulted in the arbitration award. The original complaint alleged that the Court had diversity jurisdiction because the parties are diverse and the matter involved insurance coverage for an arbitration award that exceeded the jurisdictional amount. Notably, at the time of the filing of the complaint, Plaintiff did not indicate whether the arbitration award had been reduced to final judgment.

On October 21, 2013, Defendant Douglas Stalley moved to dismiss the complaint for lack of subject matter jurisdiction. Stalley argued that the complaint lacked any allegations that the amount in controversy exceeded $75,000. Stalley noted that the amount in controversy could amount only to the $10,000 policy limit plus prospective fees and costs.

In response to Stalley's motion, Mendota amended its complaint. Mendota's amended complaint alleges that the amount in controversy exceeds $75,000 because Stalley intends to collect the $8,400,659 arbitration award from Mendota. Mendota also alleges that Stalley's counsel, law firm Swope Rodante, P.A., advertises on its website huge plaintiff

recoveries (in the eight-figures) even where the insurance coverage was only $10,000. The amended complaint states that the arbitration award was reduced to judgment on or about October 22, 2013. Notably, paragraph 41 of the amended complaint alleges: "Stalley and/or Swope Rodante intend to seek recovery of the entire amount of the judgment from Mendota, notwithstanding the applicable $10,000 policy limit of the Mendota Policy. Any such claim would be a compulsory counterclaim herein." (Dkt. 17 at ¶41). Like the initial complaint, the amended complaint contains one claim: a declaratory judgment that Mendota is not responsible for any coverage under the subject policy due to the insured's breach of the duty to cooperate.

Stalley again moves to dismiss the complaint for lack of subject matter jurisdiction. Stalley argues, in relevant part, that Mendota cannot invoke diversity jurisdiction on a "tenuous proposition that a speculative, unfiled, third-party insurance-bad-faith action contributes to the amount in controversy." (Dkt. 19) (quoting *New Hampshire Indem. Co. v. Scott*, 2012 WL 6537098, at *1 (M.D. Fla. Dec. 14, 2012)). The Court agrees.

## DISCUSSION

Stalley argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks diversity jurisdiction. Stalley does not dispute that the parties are diverse, but argues that the amended complaint fails to allege facts supporting an amount in controversy greater than $75,000.

Whether a court has subject-matter jurisdiction over a matter is evaluated at the time the case is filed or removed. "It has long been the case that 'the jurisdiction of the court

depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)). This "time-of-filing rule" requires measurement of all challenges to subject-matter jurisdiction premised upon diversity of citizenship "against the state of facts that existed at the time of filing-whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571. With respect to the amount in controversy: "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

Notably, a district court should decline to consider possible, but unfiled counterclaims when calculating the amount in controversy. *See Panhandle Farmers Mut. Ins. Co., Inc. v. Ridge Crest Properties, LLC*, 2013 WL 4039948, at *3 (N.D.W.Va. Aug. 7, 2013).

This Court does not have subject matter jurisdiction because the value of the litigation from Mendota's perspective does not exceed $75,000. Indeed, the policy limit is $10,000. And the amended complaint does not allege any additional damages, other than the arbitration award. But the arbitration award is irrelevant for two reasons. First, the arbitration award was not reduced to judgment at the time of the filing of this action, so Mendota's reliance on an impending bad-faith action was premature. *See North American Capacity Ins. Co. v. C.H.*, 2013 WL 5305708, at *2 (M.D. Fla. Sep. 20, 2013) (noting that: "A cause of action for third-party bad faith cannot be maintained without a final judgment

in excess of the policy limits and a coverage determination in favor of the insureds."). In other words, the subsequent reduction of the arbitration award to a final judgment cannot satisfy subject-matter jurisdiction requirements that were absent at the time of filing.

Second, and more important, Mendota relies on an unfiled counterclaim to establish the amount in controversy that will not be ripe until a coverage determination is made given Mendota's claim that the insured breached the subject policy. In *New Hampshire Indem. Co. v. Scott*, 2012 WL 6537098 (M.D. Fla. Dec. 14, 2012), the court aptly noted that the plaintiff could not rely on a speculative insurance bad-faith claim to establish the amount in controversy. Specifically, the court held:

> Scott's prevailing in this declaratory judgment action is a prerequisite to an insurance-bad-faith action. *Hartford Ins. Co. v. Mainstream Constr. Group,* 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004) (requiring a coverage determination before an action for insurance bad faith). Success by NHIC in this action estops Scott's or Sarah's guardian from prospective recovery of a judgment in a bad-faith action. Thus, NHIC argues essentially that, because the present action serves as a prerequisite to a future, speculative action, the amount in controversy in the future, speculative action controls the amount in controversy in the present action. But a declaratory judgment's attenuated, collateral consequence perforce res judicata, collateral estoppel, or stare decisis contributes nothing to the amount in controversy. *Vicksburg, S. & P. Ry. Co. v. Nattin,* 58 F.2d 979, 980 (5th Cir.1932); Wright & Miller, 14AA *Fed. Prac. & Proc.* § 3702.5 (4th ed.2012). The recovery available in a speculative, unfiled insurance-bad-faith action is not "in controversy" in this action. NHIC fails to establish an amount in controversy exceeding $75,000.

*Id.* at *3. For these same reasons, Mendota may not rely on the amount of the arbitration award to establish its damages.

In conclusion, this Court does not have subject matter jurisdiction because Mendota fails to establish that its damages in this case exceed $75,000.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Douglas Stalley's Motion to Dismiss (Dkt. 19) is granted.

2. This case is dismissed without prejudice for lack of subject matter jurisdiction.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

4. Plaintiff's Motion to Extend Time to Serve Defendants (Dkt. 21) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2162.mtdismiss.frm